IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cr-30041-SMY |
| | ) |
| BYRON CLEMONS, SR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Byron Clemons, Sr. pleaded guilty to one count of interstate transportation of stolen money in violation of 18 U.S.C. § 2314. He was sentenced to 18 months' imprisonment on August 2, 2023 (Doc. 23). Now pending before the Court is Clemons's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 30). The Government does not object (Doc. 31).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, Clemons is eligible for a reduction under Part B, subpart 1 of Amendment 821 as he has zero criminal history points.

Clemons's total offense level at sentencing was 15 and his criminal history category was I, which yielded a Guidelines sentencing range of 18-24 months imprisonment. He was sentenced to 18 months. Under Amendment 821, Clemons's total offense level is reduced from 15 to 13, resulting in a lowered Guidelines range of 12-18 months.

The Court agrees that Clemons is eligible for a reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 30) and reduces Clemons's sentence from 18 to 12 months' imprisonment effective on February 1, 2024. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: March 29, 2024**

**STACI M. YANDLE**
**United States District Judge**